(Opinion published 52 N. W. Rep. 932.)

---

## NANCY A. GROFF *vs.* NATIONAL BANK OF COMMERCE.

Argued June 3, 1892. Decided July 1, 1892.

**Service of Notice of Foreclosure Sale.**

The copy of the notice of foreclosure sale required to be served under the provisions of 1878 G. S. ch. 81, § 5, may be so served by leaving such copy at the house of the usual abode of the person actually in possession of the mortgaged premises with a person of suitable age and discretion then resident therein; and the fact that the party who left the copy supposed and believed that the person to whom he delivered it was the one actually in possession of the mortgaged premises does not affect the validity of the service.

Appeal by plaintiff, Nancy A. Groff, from an order of the District Court of Hennepin County, *Lochren,* J., made December 5, 1891, denying her motion for a new trial.

Plaintiff and her husband on December 1, 1886, mortgaged her homestead in Minneapolis to the Home Insurance Company to secure the payment of $10,000 and interest. The mortgage contained a power authorizing the mortgagee to sell the real estate, as provided by statute, to raise the money in case of default in payment. On February 17, 1890, the Insurance Company foreclosed under this power, and bid in the property for the amount due on its mortgage. Notice of the sale was published and a copy served upon her by leaving it with her husband, Wm. H. Groff, on the premises. They both occupied the premises and lived together in the house thereon. The defendant, the National Bank of Commerce, held a junior mortgage on the property for $6,000, and to protect its own claim, bought the certificate of sale. The property was not redeemed. This was a suit in equity to set aside the foreclosure sale on the ground that the notice of sale was not properly served. The facts as to the service being shown on the trial, the court dismissed the action. Plaintiff moved for a new trial, and being denied, appealed.

*A. F. Sweetser,* for appellant.

1878 G. S. ch. 81, § 5, provides that in all cases a copy of such notice shall be served in like manner as summons in civil actions in the District Court at least four weeks before the time of sale, on the person in possession of the mortgaged premises, if the same are actually occupied. The notice of the foreclosure of the mortgage in question was not legally served upon the person in possession of the premises. The plaintiff was the owner in fee, and lived and resided upon the premises at the time of the foreclosure, but no notice was served upon her. The only notice that was ever served, was the one served upon Wm. H. Groff, her husband. W. W. Price, the officer, swears that he served the notice on Wm. H. Groff, and does not mention the name of the plaintiff at all. *Spencer* v. *St. Paul & Sioux City R. Co.,* 22 Minn. 29; *Coles* v. *Yorks,* 28 Minn. 464;

*Heartz* v. *Klinkhammer*, 39 Minn. 488; *Holmes* v. *Crummett*, 30 Minn. 23; *Kirkpatrick* v. *Lewis*, 46 Minn. 164.

A statute which dispenses with the actual personal service of process, and provides for one in its place which is less certain and satisfactory, must be strictly pursued. *Pollard* v. *Wegener*, 13 Wis. 569; *Mecklem* v. *Blake*, 19 Wis. 397; *Holliday* v. *Brown*, 33 Neb. 657; *Settlemier* v. *Sullivan*, 97 U. S. 444; *Kibbe* v. *Benson*, 17 Wall. 624.

*Koon, Whelan & Bennett*, for respondent.

As the law does not require the notice to be served upon the owner of the premises, but upon the person who is in the actual occupation thereof, if they are occupied, a service upon a person in the actual possession and occupancy, as head of the family, actually occupying the house, is a good service. If, as in this case, the premises are occupied by a husband and wife and family, the husband is presumed for all ordinary purposes to be the person in possession of the premises. He is the householder, the responsible party, and the one who is in the visible, actual occupancy of the premises. Especially should that be true in a case of this kind where the plaintiff herself, swears that all the business pertaining to the mortgage and to the premises was transacted by the husband.

Before offering in evidence the affidavit of service, the plaintiff proved a service of this notice upon Mrs. Groff made strictly in accordance with the provisions of the law. If she is the proper person upon whom service should have been made, she put Wm. H. Groff upon the stand and proved by him that a copy of the notice of foreclosure sale was handed to and left with him on or about the 7th day of January, 1890, in the house upon the premises, which then was the house of plaintiff's usual abode, and that the Wm. H. Groff with whom the notice was left, was a person of suitable age and discretion then resident therein. This evidence by plaintiff proved a perfect service upon her, made strictly in accordance with the requirements of the statute. 1878 G. S. ch. 66, § 59, (4th.)

While an affidavit of service may be made, filed, and recorded, and when so made and recorded may be used in evidence, there is no law which makes it conclusive, or the only evidence of the actual service which was made. *Lee* v. *Clary*, 38 Mich. 223; *Crosby* v. *Farmer*, 39 Minn. 305; *Bennett* v. *Blatz*, 44 Minn. 56.

The officer was not required to say anything. He performed his mission when he handed to and left with Mr. Groff the copy of the notice. Nothing that he said, nothing that he could say, was material. He either made, or did not make, good service by the act of handing to and leaving with Wm. H. Groff the copy of the notice. What either he or Groff might have said about it, or about any other matter, could not affect the validity of the service.

COLLINS, J. The only defect or irregularity in the foreclosure proceedings in question of which plaintiff complains, and on which she rests her right to maintain this action, was that no copy of the notice of foreclosure sale, under a power contained in the mortgage, was served on her as required by law. 1878 G. S. ch. 81, § 5.

The title to the mortgaged premises was in the plaintiff, a married woman, and she resided thereon with her husband and children from some time before the mortgage was given until after the sale. A copy of the notice of the foreclosure sale, ample and complete in all respects, was personally handed to and left with the husband in due season in the house in which the parties dwelt, as before stated; and of this proof was made by affidavit, which was recorded with the sheriff's certificate and other papers concerning the foreclosure. The plaintiff introduced this affidavit in evidence, from which it appeared that the party who made the service, as well as the proof of the same for record, then regarded Mr. Groff, the husband, as the person in actual possession of the premises. The plaintiff also proved by parol the fact of this service upon her husband, who was a person of suitable age and discretion, including proof of the time, the manner, and the precise place of service, and rested her case; whereupon it was dismissed by the court. The appeal is from an order denying a new trial, and the order must be affirmed. The statute before referred to directs that a copy of the notice shall be served on the person in

possession of the mortgaged premises if occupied, in like manner as a summons in a civil action. This provision refers merely to the mode of making the service. *Kirkpatrick* v. *Lewis*, 46 Minn. 164, (47 N. W. Rep. 970, and 48 N. W. Rep. 783.) A summons is properly served by personally delivering a copy thereof to a defendant, or by leaving a copy at the house of his usual abode, with some person of suitable age and discretion then resident therein. 1878 G. S. ch. 66, § 59. Personal service was made upon the proper person, if Mr. Groff was in possession. If he was not, and the possession was, under the circumstances, that of his wife,—as to this it is unnecessary for us to express an opinion,—the statute was strictly observed and complied with, because a copy of the notice was left at the house of the usual abode of Mrs. Groff, in the hands of her husband, a person of suitable age and discretion, then resident therein. It is the validity of the service made which controls and not what was thought or supposed concerning the same by the person who made it. This case is really covered by the opinion in *Kirkpatrick* v. *Lewis, supra*, although in that, reference was made to the fact that the copy of the notice was addressed to both Mr. and Mrs. Lewis, and the party who handed it to the latter, at the house of their usual abode, took pains to notify Mr. Lewis that it was also notice for his wife. This did not render the service any more complete and effectual, for the statute nowhere requires that the notice or the copy shall be addressed, or that the party serving the same shall advise the one who actually receives it for whom it is intended. The plaintiff, by her proofs, established the defendant's ·claim that a copy of the notice of sale was served upon her.

Order affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 52 N. W. Rep. 934.)